[Cite as *Rossi v. Atrium Med. Ctr.*, 2023-Ohio-984.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| ARTHUR ROSSI, | : | |
| Appellant, | : | CASE NO. CA2022-05-027 |
| | : | O P I N I O N |
| - vs - | | 3/27/2023 |
| | : | |
| ATRIUM MEDICAL CENTER, et al., | : | |
| Appellees. | : | |

APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 22-CV-94845

Michael Todd McIntosh, for appellant.

Bieser, Greer & Landis, LLP, and John F. Haviland and Elizabeth D. Wilfong, for appellee, Atrium Medical Center.

Lindhorst & Dreidame Co., LPA, and Michael F. Lyon and Bradley D. McPeek, for appellees, Mid-Valley Gastroenterology Associates, Dr. Daryl Hacker, and Dr. Kuldip Sharma.

**HENDRICKSON, J.**

{¶1} Appellant, Arthur Rossi, individually and as executor of the Estate of Nancy J. Rossi, appeals from a decision of the Warren County Court of Common Pleas dismissing the medical malpractice and wrongful death claims asserted against appellees, Atrium Medical Center ("Atrium"), Mid-Valley Gastroenterology Associates ("MVGA"), Dr. Daryl

Hacker, and Dr. Kuldip Sharma, upon finding the claims are barred by the four-year statute of repose set forth in R.C. 2305.113(C). For the reasons set forth below, we affirm the trial court's decision.

## I. FACTS & PROCEDURAL HISTORY

{¶2} Nancy J. Rossi died on March 22, 2017, allegedly as a result of medical negligence committed by appellees. In March 2017, Nancy, in the care of MVGA, had a colonoscopy and polypectomy performed by Dr. Sharma. She subsequently experienced rectal bleeding and significant blood loss and sought treatment at Atrium. Though Nancy needed a blood transfusion, Atrium would not perform the procedure without an order from MVGA. Dr. Hacker, an associate at MVGA, denied the request for a transfusion until he could physically examine Nancy. Prior to Dr. Hacker performing an examination, Nancy suffered cardiac arrest and died.

{¶3} On March 20, 2018, Rossi, Nancy's husband, filed a complaint for medical malpractice and wrongful death. On January 27, 2021, Rossi dismissed the action without prejudice pursuant to Civ.R. 41(A)(1)(a). He refiled the case on January 20, 2022—within one year of his voluntary dismissal, again asserting claims of medical malpractice and wrongful death.

{¶4} On February 8, 2022, MVGA, Dr. Hacker, and Dr. Sharma filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6), contending the complaint was filed outside the time period permitted by the applicable statute of repose, R.C. 2305.113(C). Atrium filed a similar motion to dismiss on April 6, 2022. Relying on the Ohio Supreme Court's decision in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, appellees argued in their respective motions that the saving statute set forth in R.C. 2305.19(A) could not be applied to allow Rossi to refile his claims after the four-year statute of repose for medical claims had expired. Because Rossi had not brought his claims by March 22, 2021,

four years from the date of Nancy's medical treatment and subsequent death, appellees contended Rossi's claims were time barred. Appellees did not differentiate between the medical malpractice and wrongful death claims but, rather, argued that all of Rossi's claims should be dismissed as they fell outside the four-year statute of repose for medical claims set forth in R.C. 2305.113(C).

{¶5} Rossi filed a memorandum in opposition to appellees' motions to dismiss, arguing that that the supreme court's decision in *Wilson* was "in direct conflict with the law as it appears in the very same statute, fails to recognize basic interpretation of terms within the statute, and stands against the basic and fundamental principles of statutory interpretation." Rossi urged the trial court to disregard the precedent in *Wilson*, declare his claims timely filed, and permit his claims to proceed to trial.

{¶6} The trial court, applying *Wilson*, held that the "statute of repose dictates that [Rossi] must have brought these claims by March 22, 2021. * * * [T]he Court finds that [Rossi] is seeking to commence a medical malpractice suit, outside the applicable statute of repose." The court therefore granted appellees' respective motions and dismissed Rossi's claims with prejudice. In dismissing all of Rossi's claims, the trial court implicitly applied the four-year statute of repose set forth in R.C. 2305.113(C) to his wrongful death claims.[1]

## II. ANALYSIS

{¶7} Rossi appealed the dismissal of his claims, raising two assignments of error. Prior to addressing the merits of his assignments of error, we set forth the standard that governs our review of a Civ.R. 12(B)(6) motion to dismiss.

---

1. The trial court granted MVGA's, Dr. Hacker's, and Dr. Sharma's motion to dismiss on April 4, 2022. It subsequently granted Atrium's motion to dismiss on April 22, 2022. The analysis in both decisions was identical.

**A. Standard of Review**

{¶8} Civ.R. 12(B)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. *Marchetti v. Blankenburg*, 12th Dist. Butler No. CA2010-09-232, 2011-Ohio-2212, ¶ 9. "In order to prevail on a Civ.R. 12(B)(6) motion, 'it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling relief.'" *Id.*, quoting *DeMell v. The Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 88505, 2007-Ohio-2924, ¶ 7. In ruling on a complaint pursuant to Civ.R. 12(B)(6), the trial court must presume that all factual allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "A trial court's order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) is subject to de novo review on appeal." *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 35 (12th Dist.).

**B. Medical Malpractice Claims**

{¶9} Assignment of Error No. 1:

{¶10} THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS'/APPELLEES' MOTIONS TO DISMISS THE MEDICAL MALPRACTICE CLAIMS.

{¶11} In his first assignment of error, Rossi argues that in dismissing his medical malpractice claims, the trial court erred by applying the holding in *Wilson v. Durrani*, 2020-Ohio-6827. He contends that the holding in *Wilson* should be abandoned and the one-year savings clause set forth in R.C. 2305.19(A) be applied to his medical malpractice claims, making the claims timely filed.

{¶12} In *Wilson*, Sands and Wilson, two patients who had undergone spinal surgery by Dr. Durrani in April 2010 and February and April 2011, respectively, filed suit in December 2015 against Dr. Durrani, his clinic, and two hospitals. *Id.* at ¶ 2. Prior to bringing

that suit, Sands and Wilson had previously filed claims against the defendants but voluntarily dismissed them pursuant to Civ.R. 41(A)(1)(a). *Id.* at ¶ 3. Sands' initial complaint was first filed in March 2013 and dismissed without prejudice on November 25, 2015. *Id.* Wilson's initial complaint was filed in April 2013 and dismissed without prejudice on December 11, 2015. *Id.* After Sands and Wilson refiled their complaints in December 2015, the defendants moved for judgment on the pleadings, contending Ohio's medical-claim statute of repose, R.C. 2305.113(C), barred the refiled claims because they arose out of surgeries that had been performed more than four years earlier. *Id.* at ¶ 4. The trial court agreed and granted the defendants' motions. *Id.*

**{¶13}** On appeal, Wilson and Sands argued that the trial court erred in granting judgment to the defendants because Ohio's saving statute afforded them one year after voluntary dismissal to refile their claims, notwithstanding the expiration of the statute of repose. *Id.* at ¶ 5. The appellate court agreed and reversed the trial court's decision. *Id.* The supreme court accepted the defendants' discretionary appeal to address "whether a plaintiff may take advantage of Ohio's saving statute to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired." *Id.* at ¶ 1.

**{¶14}** After considering the interplay between the one-year statute of limitations for medical claims set forth in R.C. 2305.113(A),[2] the four-year statute of repose for medical claims set forth in R.C. 2305.113(C),[3] and the one-year saving statute set forth in R.C.

---

2. R.C. 2305.113(A) states that "[e]xcept as otherwise provided in this section, an action upon a medical * * * claim shall be commenced within one year after the cause of action accrued."

3. The medical-claim statute of repose, R.C. 2305.113(C), provides in relevant part as follows:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

2305.19(A),[4] the supreme court answered the aforementioned question in the negative. *Id.* at ¶ 1, 7. It held, in relevant part, as follows:

> In light of the purpose of a statute of repose—to create a bar on a defendant's temporal liability—exceptions to a statute of repose require "a particular indication that the legislature did not intend the statute to provide complete repose but instead anticipated the extension of the statutory period under certain circumstances," as when the statute of repose itself contains an express exception. *California Pub. Emps.' Retirement Sys.* [*v. ANZ Sec., Inc.*], __ U.S. __, 137 S.Ct. 2042, 2050 (2017)] * * *. The General Assembly did incorporate into R.C. 2305.113(C) two express exceptions. First, the statute of repose is tolled "as to persons within the age of minority or of unsound mind as provided in" R.C. 2305.16. Second, R.C. 2305.113(D) extends the four-year repose period for two specific categories of claims: (1) those that accrue in the last year of the repose period, R.C. 2305.113(D)(1), and (2) those based upon a foreign object left in a patient's body. R.C. 2305.113(D)(2). *R.C. 2305.113(C) notably does not contain an exception for application of the saving statute, and we may not read one into the statute by implication. Unless one of the stated exceptions applies, R.C. 2305.113(C) clearly and unambiguously prohibits the commencement of any action upon a medical claim more than four years after the act or omission upon which the claim is based.*

(Emphasis added.) *Id.* at ¶ 29. "Expiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Id.* at ¶ 38. The supreme court therefore

---

> (1) No action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim.

> (2) If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then, any action upon that claim is barred.

4. The saving statute, R.C. 2305.19(A), provides as follows:

> In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

concluded that Sands' and Wilson's refiled medical claims were barred by the statute of repose and that judgment on the pleadings had been appropriately granted to the defendants by the trial court. *Id.* at ¶ 39.

{¶15} The circumstances in the present case mirror those in *Wilson*. Rossi refiled his medical malpractice claim on January 20, 2022—more than four years after Nancy's medical treatment and subsequent death on March 22, 2017. The statute of repose set forth in R.C. 2305.113(C) therefore precludes the commencement of Rossi's medical malpractice claim.

{¶16} Rossi urges this court to overrule the holding of *Wilson*, contending it was incorrectly decided. However, "[a]s an intermediate appellate court, we 'cannot either overrule or modify the law established by the Ohio Supreme Court but, rather, are duty bound to follow the law as pronounced by the Ohio Supreme Court, and must leave any desirable modification thereof to the Supreme Court.'" *Vanderbilt v. Pier 27, LLC*, 12th Dist. Butler No. CA2013-02-029, 2013-Ohio-5205, ¶ 15, quoting *McVey v. Terrell*, 10th Dist. Franklin No. 75AP-140, 1975 Ohio App. LEXIS 8465, *7 (Sept. 9, 1975).

{¶17} Accordingly, we find that the trial court appropriately relied on the supreme court's decision in *Wilson v. Durrani*, 2020-Ohio-6827, in granting appellees' motions to dismiss the medical malpractice claims. As Rossi commenced his action for medical malpractice more than four years after the alleged conduct that formed the basis of his claim occurred, the statute of repose barred his refiled action for medical malpractice. Rossi's first assignment of error is, therefore, overruled.

### C. Wrongful Death Claims

{¶18} Assignment of Error No. 2:

{¶19} THE TRIAL COURT ERRED IN DISMISSING ALL CLAIMS OF THE PLAINTIFF/APPELLANT AS A WRONGFUL DEATH CLAIM SHOULD SURVIVE A

DISMISSAL OF A CONCOMITANT MEDICAL MALPRACTICE CLAIM.

**{¶20}** In his second assignment of error, Rossi argues the trial court erred in dismissing his wrongful death claims as such claims are "separate and distinct" from his medical malpractice claims and are not subject to the four-year statute of repose set forth in R.C. 2305.113(C).[5]

**{¶21}** We begin our analysis by noting that "wrongful death is a separate and unique cause of action from other claims." *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. Franklin No. 21AP-74, 2022-Ohio-629, ¶ 16. "[A]n action for wrongful death, creates a new cause or right of action distinct and apart from the right of action which the injured person might have had and upon the existence of which such new right is conditioned." *Karr v. Sixt*, 146 Ohio St. 527 (1946), paragraph one of the syllabus.

> [W]hen a person is injured by the tortious conduct of another person and the person later dies from the injury, two claims arise. The first is a claim for malpractice or personal injury, enforced either by the injured person herself or by her representative in a survival action. The second is a wrongful death claim, enforced by the decedent's personal representative on behalf of the decedent's beneficiaries.

*Thompson v. Wing*, 70 Ohio St.3d 176, 179 (1994). A wrongful death action begins where the malpractice or personal injury action ends and "a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong." *Klema v. St. Elizabeth's Hospital*, 170 Ohio St. 519, 521 (1960).

**{¶22}** A wrongful death action is a special statutory action which did not exist at common law. *Id.* at 524. A cause of action for wrongful death is governed by R.C. Chapter 2125. R.C. 2125.01 provides, "[w]hen the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and

---

5. We find the issue is properly before us, given the trial court's implicit application of the four-year statute of repose set forth in R.C. 2305.113(C) to Rossi's wrongful death claims.

recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable to an action for damages." The statute of limitations for a wrongful death action is set forth in R.C. 2125.02(D) and provides as follows:

(1) Except as provided in division (D)(2) of this section, a civil action for wrongful death shall be commenced within two years after the decedent's death.

(2)

(a) Except as otherwise provided in divisions (D)(2)(b), (c), (d), (e), (f), and (g) of this section or in section 2125.04 of the Revised Code, no cause of action for wrongful death involving a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

Divisions (D)(2)(b), (c), (d), (e), (f), and (g) provide exceptions to the products-liability statute of repose set forth in R.C. 2125.02(D)(2)(a). R.C. 2125.04, in turn, provides a saving statute for wrongful death actions, which allows the actions to be refiled when certain situations occur.[6] Thus, R.C. 2125.02(D) expressly provides only one exception to the commencement period provided in R.C. 2125.02(D)(1) for wrongful death claims and that exception is applicable to wrongful death claims related to product liabilities. *Ewing v. UC Health*, 1st Dist. Hamilton No. C-210390, 2022-Ohio-2560, ¶ 15.

{¶23} The trial court found that Rossi's wrongful death claims were additionally

6. The wrongful death saving statute set forth in R.C. 2125.04 provides as follows:

In every civil action for wrongful death that is commenced or attempted to be commenced within the time specified by division (D)(1) or (D)(2)(c), (d), (e), (f), or (g) of section 2125.02 of the Revised Code, if a judgment for the plaintiff is reversed or the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the personal representative of the plaintiff may commence a new civil action for wrongful death within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period specified by any of those divisions, whichever occurs later.

subject to the medical-malpractice statute of repose contained in R.C. 2305.113(C).  This statute provides as follows:

> Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:
>
> (1) No action upon a medical * * * claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim.
>
> (2) If an action upon a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then, any action upon that claim is barred.

R.C. 2305.113(C).

{¶24} As used in R.C. 2305.113, a "medical claim" is defined as:

> *any claim* that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and *that arises out of the medical diagnosis, care, or treatment of any person*. "Medical claim" includes the following:
>
> (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person;
>
> (b) Derivative claims for relief that arise from the plan of care prepared for a resident of a home;
>
> (c) Claims that arise out of the medical diagnosis, care, or treatment of any person or claims that arise out of the plan of care prepared for a resident of a home and to which both types of claims either of the following applies:
>
>> (i) The claim results from acts or omissions in providing medical care.
>>
>> (ii) The claim results from the hiring, training, supervision, retention, or termination of caregivers providing medical

diagnosis, care, or treatment.

(d) Claims that arise out of the plan of care, medical diagnosis, or treatment of any person and that are brought under section 3721.17 of the Revised Code;

(e) Claims that arise out of skilled nursing care or personal care services provided in a home pursuant to the plan of care, medical diagnosis, or treatment.

(Emphasis added.) R.C. 2305.113(E)(3).

{¶25} This appeal, therefore, asks us to determine whether the medical-claim statute of repose set forth in R.C. 2305.113(C) limits the time for commencing a wrongful death claim where such claim arises from the diagnosis, care, or treatment of the decedent. This issue has been addressed in several of our sister districts and has created a conflict among those districts.

{¶26} The Third, Fifth, and Eleventh Districts have held that a wrongful death claim related to the medical care, diagnosis, or treatment of the decedent was subject to the medical-claim statute of repose, R.C. 2305.113(C). *See Smith v. Wyandot Mem. Hosp.*, 3d Dist. Wyandot No. 16-17-07, 2018-Ohio-2441; *Mercer v. Keane*, 5th Dist. Coshocton No. 20CA0013, 2021-Ohio-1576; *Martin v. Taylor*, 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614; *Kennedy v. Western Reserve Senior Care*, 11th Dist. Portage No. 2021-P-0055, 2023-Ohio-264. These courts acknowledged that wrongful death claims are subject to their own statute of limitations outside R.C. 2305.113(A), but still found that the claims are subject to the medical-claim statute of repose based on the language of R.C. 2305.113(E). *See Smith* at ¶ 22 ("[b]ecause *any action* bringing a medical claim is barred by Ohio's medical claim statute of repose if it is not timely commenced, we conclude that wrongful-death actions fall within the scope of 'any action' and are subject to the time restraints of the statute of repose"); *Mercer* at ¶ 38; *Martin* at ¶ 44-46 (holding that "although the wrongful death claim is subject to a different statute of limitations, it does not follow that [it] is not a 'medical

claim' for purposes of the statute of repose"); *Kennedy* at ¶ 29-32 (noting that the statute of repose set forth in R.C. 2305.113(C) applies where the definition of "medical claim" is met; that is, the claim is asserted in a civil action, against those medical defendants identified and listed in the statute, and it arose from the medical diagnosis, care, or treatment of any person). As further evidence that a wrongful death action based on a medical claim is subject to the statute of repose set forth in R.C. 2305.113(C), the Third District noted that Civ.R. 10(D)(2) affidavits of merit are required for wrongful death claims arising out of medical malpractice. *See Smith* at ¶ 30 ("[the] estate included with its complaint affidavits of merit as required by Civ.R. 10(D)(2). Therefore [the] estate's wrongful-death action asserts a medical claim * * * [and] is subject to Ohio's medical-claim statute of repose").

**{¶27}** Conversely, the First, Sixth, and Tenth Districts have recently held that a wrongful death claim related to the medical diagnosis, care, or treatment of a decedent is not subject to the medical-claim statute of repose contained in R.C. 2305.113(C). *See Ewing v. UC Health*, 1st Dist. Hamilton No. C-210390, 2022-Ohio-2560, *appeal accepted*, 168 Ohio St.3d 1464, 2022-Ohio-4268; *Davis v. Mercy St. Vincent Med. Ctr.*, 6th Dist. Lucas No. L-21-1095, 2022-Ohio-1266, *appeal accepted,* 167 Ohio St.3d 1490, 2022-Ohio-2788; *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. Franklin No. 21AP-74, 2022-Ohio-629, *appeal accepted*, 167 Ohio St.3d 1442, 2022-Ohio-2162.[7] In so holding, the First, Sixth,

---

7. The Supreme Court of Ohio certified a conflict in *Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. Franklin No. 21AP-74, 2022-Ohio-629, *appeal accepted*, 167 Ohio St.3d 1442, 2022-Ohio-2162, finding the Tenth District's decision in conflict with decisions from the Third, Fifth, and Eleventh appellate districts, namely *Smith v. Wyandot Mem. Hosp.*, 3d Dist. Wyandot No. 16-17-07, 2018-Ohio-2441, *Mercer v. Keane*, 5th Dist. Coshocton No. 20CA0013, 2021-Ohio-1576, and *Martin v. Taylor*, 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614. The court ordered the parties to brief the following issue: "Does the statute of repose for medical claims, set forth under R.C. 2305.113(C), apply to statutory wrongful death claims?" Subsequently, the supreme court found that the First District's decision in *Ewing v. UC Health*, 1st Dist. Hamilton No. C-210390, 2022-Ohio-2560, *appeal accepted*, 168 Ohio St.3d 1464, 2022-Ohio-4268, and the Sixth District's decision in *Davis v. Mercy St. Vincent Med. Ctr.*, 6th Dist. Lucas No. L-21-1095, 2022-Ohio-1266, *appeal accepted,* 167 Ohio St.3d 1490, 2022-Ohio-2788, were also in conflict with decisions from the Third, Fifth, and Eleventh Districts. The court ordered that briefing be stayed in *Ewing and Davis* and the cases held for the decision in the *Everhart* appeal. Oral argument was held before the supreme court in the *Everhart* appeal on February 28, 2023.

and Tenth Districts focused on the statutory language of R.C. 2125.02, noting that the only statute of repose included in the wrongful death statute is in the products liability context. *Everhart* at ¶ 21; *Davis* at ¶ 58; *Ewing* at ¶ 27.

{¶28} "No exception is recognized within R.C. 2305.113 for medical negligence resulting in death, yet it is well-established that a wrongful-death claim premised on medical malpractice is governed by the two-year statute of limitations set forth in R.C. 2125.02(D)(1)—not R.C. 2305.113(A). * * * If a wrongful-death claim is not subject to the statute of limitations in R.C. 2305.113(A), we see no reason that it would be subject to the other limitations periods set forth in that statute." *Davis* at ¶ 57. The court reasoned:

> R.C. 2125.02(D)(1) states that "*except as provided in division (D)(2),*" a wrongful-death claim must be commenced within two years after the decedent's death. (Emphasis added.) In other words, the only exceptions to the limitations period are provided in (D)(2). R.C. 2125.02(D)(2)(a) creates a ten-year statute of repose for wrongful-death actions involving product-liability claims (subject to certain exceptions further described in division (D)(2)). No similar repose period is established for wrongful-death actions involving medical claims. If the legislature had intended to impose a repose-period for wrongful-death actions involving claims of medical malpractice, it could have done so in the same manner that it did for wrongful-death actions involving claims of product liability.

*Id.* at ¶ 58.

{¶29} The court further noted that

> R.C. 2305.10 contains a separate—but substantially similar—provision creating the same repose period for actions for non-fatal product-liability claims. R.C. 2305.10(C)(1) broadly states that, subject to certain exceptions, "*no cause of action based on a product liability claim* shall accrue against the manufacturer or supplier of a product later than ten years from the [initial delivery of the product.]" In this respect, the breadth of the product-liability statute of repose is similar to the breadth of the medical-claim statute of repose. That is, R.C. 2305.113(C) broadly states that, subject to certain exceptions, "*[n]o action upon a medical * * * claim* shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim." Despite the

unambiguously-broad nature of both statutes of repose, the legislature found it necessary to restate the product-liability statute of repose—*but not the medical-claim statute of repose*—within the Wrongful Death Act, thereby creating a statute of repose specifically applicable to wrongful-death actions. We must assume that if the medical-claim statute of repose was intended to apply to wrongful-death actions based upon medical claims, the legislature would have included it within the Wrongful Death Act, as it did for wrongful-death actions based upon product-liability claims. Indeed, if we were to interpret the medical-claim statute of repose as nonetheless applicable to wrongful-death claims even though it is not included within the Wrongful Death Act, we would render R.C. 2125.02(D)(2)(a) redundant, meaningless, or superfluous—which is an interpretation we must avoid under well-established rules of statutory construction. *See State v. Pettus*, 163 Ohio St.3d 55, 2020-Ohio-4836, 168 N.E.3d 406, ¶ 14; *D.A.B.E., Inc. v. Toledo-Lucas Cty. Bd. Of Health*, 96 Ohio St.3d 250, 2002-Ohio-4172, 773 N.E.2d 536, ¶ 26.

Further to this point, we are aware of two statutes applicable to wrongful-death claims that exist outside the Wrongful Death Act itself—R.C. 2305.131(A)(1) and R.C. 2305.101(A). R.C. 2305.131(A)(1) establishes a ten-year statute of repose for actions for wrongful death that arise out of a defective and unsafe condition of an improvement to real property. But this provision expressly states that "*[n]otwithstanding an otherwise applicable period of limitations* specified * * * *in section 2125.02* of the Revised Code * * *, no cause of action to recover damages for bodily injury, an injury to real or personal property, *or wrongful death* that arises out of a defective and unsafe condition of an improvement to real property * * * shall accrue * * * later than ten years from the date of substantial completion of such improvement." (Emphasis added.) Similarly, R.C. 2305.101(A), applicable to claims for bodily injury or *wrongful death* caused by the Dalkon Shield intrauterine device, provides a specific limitation period for those claims "*[n]otwithstanding the limitations provided for in section[] 2125.02 * * * of the Revised Code.*" (Emphasis added.) When enacting R.C. 2305.131(A)(1) and R.C. 2305.101(A), the legislature included express language within those statutes to clarify that it was creating repose periods for wrongful-death claims that run counter to the limitations periods that are otherwise set forth in the Wrongful Death Act—making it clear that the legislature knows how to carve out such exceptions. There is no similar language within R.C. 2305.113(C) to indicate that the legislature was enacting a statute of repose for wrongful-death actions based upon medical claims that would apply "notwithstanding the limitations provided for in section 2125.02."

*Davis* at ¶ 58-60. *Accord Everhart* at ¶ 21-29; *Ewing* at ¶ 27-31.

**{¶30}** As for the significance of Civ.R. 10(D)(2), the *Davis* court stated:

> we disagree that because courts have held that the Civ.R. 10(D)(2) affidavit-of-merit requirement applies to wrongful-death claims arising from medical negligence, this dictates the conclusion that the medical-claim statute of repose is also applicable. Certainly, numerous Ohio appellate districts have held that wrongful-death claims that arise from "the medical diagnosis, care, or treatment of any person," are subject to the Civ.R. 10(D)(2) affidavit requirement. *See e.g., Wilson v. Mercy Health*, 11th Dist. Trumbull No. 2021-T-0004, 2021-Ohio-2470, ¶ 33; *Wick v. Lorain Manor, Inc.*, 9th Dist. Lorain No. 12CA010324, 2014-Ohio-4329, ¶ 18; *Flynn v. Cleveland Clinic Health Sys.-E.*, 8th Dist. Cuyahoga No. 105720, 2018-Ohio-585, ¶ 4. But the Civ.R. 10(D)(2) affidavit-of-merit requirement is a procedural rule. *Oglesby v. Consol. Rail Corp.*, 6th Dist. Erie No. E-08-055, 2009-Ohio-1744, ¶ 24. We see a distinction between applying Civ.R. 10(D)(2) to all claims, including wrongful-death claims, arising from "the medical diagnosis, care, or treatment of any person," and applying R.C. 2305.113's limitations periods to those claims—particularly given that courts *do not* apply R.C. 2305.113(A) to wrongful-death claims.

*Davis* at ¶ 62.

**{¶31}** We have considered the conflicting approaches and rationales taken by our sister courts and are persuaded to follow the approach taken by the Third, Fifth, and Eleventh Districts. R.C. 2305.113(E)(3) defines a "medical claim" as "*any claim* that is asserted in any civil action against a physician [or] * * * hospital * * * *that arises out of the medical diagnosis, care, or treatment of any person.*" (Emphasis added.) R.C. 2305.113(C)(2), in turn, provides that "[i]f an action upon a medical * * ** claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical * * * claim, then *any action upon that claim is barred.*" (Emphasis added). The plain language of R.C. 2305.113 subjects Rossi's wrongful death claims—claims which arose out of a medical claim—subject to the four-year statute of repose set forth in R.C. 2305.113(C). As Rossi did not file the wrongful death claims by

March 22, 2021, the statute of repose set forth in R.C. 2305.113(C) barred his refiled action. Rossi's second assignment of error is without merit and is therefore overruled.

### III. CONCLUSION

{¶32}  For the reasons stated above, we find that the trial court did not err in applying the four-year statute of repose set forth in R.C. 2305.113(C) to Rossi's medical malpractice claims or to his wrongful death claims.  Rossi's claims were time barred and properly dismissed.

{¶33}  Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.