[Cite as *Mercer v. Keane*, 2021-Ohio-1576.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| NICOLE D. MERCER EXECUTOR OF THE ESTATE OF BRADLEY JAMES MERCER | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20CA0013 |
| | : | |
| THOMAS KEANE M.D., ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Coshocton County
                             Court of Common Pleas, Case No. 16
                             CI 0314


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      May 4, 2021


APPEARANCES:

For Plaintiff-Appellant:              For Defendants-Appellees:

GORDON D. EVANS, II                   THOMAS A. PRISLIPSKY
495 South High St., Suite 300         11 Federal Plaza Central, Suite 1200
Columbus, OH 43215                    Youngstown, OH 44503

                                      MARC W. GROEDEL
                                      101 W. Prospect Ave. West
                                      Cleveland, OH 44115

*Delaney, J.*

{¶1} Plaintiff-Appellant Nicole D. Mercer, Executor of the Estate of Bradley James Mercer ("the Estate") appeals the August 24, 2020 judgment entries of the Coshocton County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### Original Complaint

{¶2} On August 19, 2016, Plaintiffs Bradley and Nicole Mercer and their minor children filed a medical malpractice and loss of consortium action against Defendants-Appellees Thomas Keane, M.D., Radiology Associates of Southeastern Ohio, Inc., and Coshocton County Memorial Hospital. The complaint alleged as follows:

6. On or about December 15, 2012, Plaintiff, Bradley James Mercer, presented for an MRI of the lumbar spine due to low-back pain. The MRI was read by Defendant, Thomas Keane, M.D. On that MRI, a clearly visible mass originating from the sacrum/coccyx region was evident on multiple images. Dr. Keane failed to diagnose this clearly visible mass.

7. Plaintiff, Bradley James Mercer, continued to suffer from low-back pain. On or about May 09, 2015, a subsequent MRI was ordered and the previously undiagnosed sacral mass was found, but had increased dramatically in size in the 2-1/2 year interval. On or about May 12, 2015, an ultrasound-guided biopsy of the mass was performed and the findings were consistent with sacral chordoma. Unfortunately at that point, Plaintiff, Bradley James Mercer, was no longer a surgical candidate.

(Original Complaint, Aug. 19, 2016). In support of the original complaint, the Mercers filed Affidavits of Merit.

{¶3} The matter proceeded through the pretrial process, with a brief stay due to the bankruptcy of Defendant-Appellee Coshocton County Memorial Hospital. The case was placed back on the active docket on December 19, 2017. The jury trial was scheduled for May 21, 2019, but the parties were granted a continuance until January 20, 2021.

**Amended Complaint**

{¶4} On February 29, 2020, Bradley James Mercer passed away. Counsel filed a Suggestion of Death with the death certificate, which listed the cause of death as "metastatic chordoma to pelvis and sacrum."

{¶5} On May 1, 2020, Nicole Mercer, as Executor of the Estate of Bradley James Mercer filed a "Motion to Order Substitution of Proper Parties and Amend Complaint." The trial court granted the motion. The amended complaint, filed on May 1, 2020, reflected the death of Bradley James Mercer by converting the medical malpractice claim to a survivorship claim with Nicole Mercer as the Executor of the Estate. The amended complaint also removed the loss of consortium claim and replaced it with a wrongful death claim pursuant to R.C. 2125.01 and 2125.02. The amended complaint was filed seven years and four months after the alleged act or omission constituting the basis of the Estate's medical claim.

{¶6} On June 17, 2020, Defendant-Appellee Radiology Associates of Southeastern Ohio, Inc. filed a motion for partial summary judgment. In its motion, it argued it was entitled to judgment as a matter of law on the wrongful death action because the action was filed beyond the four-year statute of repose under R.C. 2305.113(C). On

June 18, 2020, Defendant-Appellee Thomas Keane, M.D. filed a motion for judgment on the pleadings as to the wrongful death action arguing the action was time-barred by R.C. 2305.113(C). Mercer filed a combined response to the motions.

{¶7} On July 22, 2020 and August 13, 2020, the trial court granted the Appellees' motions. It first found the wrongful death action was based on a medical claim. It next found the wrongful death action based on the medical claim was barred by R.C. 2305.113(C) because the wrongful death action was commenced more than four years after the occurrence of the act or omission constituting the basis for the claim.

{¶8} The trial court issued nunc pro tunc judgment entries on August 24, 2020, adding Civ.R. 54(B) language. It is from these judgments the Estate now appeals.

## ASSIGNMENT OF ERROR

{¶9} The Estate raises one Assignment of Error:

{¶10} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DISMISSING THE ESTATE'S PROPERLY ASSERTED WRONGFUL DEATH CLAIM."

## ANALYSIS

{¶11} In its appeal, the Estate succinctly states the question before this Court: whether the Estate's wrongful death action, filed during the pendency of the original action but more than four years after the alleged negligent act, is barred by Ohio's statute of repose? The issue raised by the Estate is a matter of first impression for this Court. We apply the plain and unambiguous language of the R.C. 2305.113(C) and the Ohio Supreme Court's holding in *Wilson v. Durrani*, -- Ohio St.3d --, 2020-Ohio-6827, -- N.E.3d --, to answer that the Estate's wrongful death action is time barred as a matter of law.

**Standards of Review**

{¶12} This appeal comes to this Court after the trial court granted the Appellees' motion for partial summary judgment and motion for judgment on the pleadings, stating the Estate's action for wrongful death was time barred by the statute of repose.

{¶13} We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶14} The moving party bears the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings but must set forth "specific facts" by the

means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

{¶15} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

{¶16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987).

{¶17} A party may bring a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Civil Rule 12(C) provides, "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." The standard of review of the grant of a motion for judgment on the pleadings is the same as the standard of review for a Civ.R. 12(B)(6) motion, which requires the appellate court to independently review the complaint to determine if the dismissal was appropriate. *Ferreri v. The Plain Dealer Publishing Co.*, 142 Ohio App.3d 629, 639, 756 N.E.2d 712 (8th Dist.2001). A motion for judgment on the pleadings pursuant to Civil Rule 12(C) presents only questions of law. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 175, 297 N.E.2d 113 (1973). The determination of a motion under Civil Rule 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in its favor. *Id.* Evidence in any form cannot be considered. *Conant v. Johnson*,

1 Ohio App.2d 133, 204 N.E.2d 100 (4th Dist.1964). In considering such a motion, one must look only to the face of the complaint. *State ex rel. Osborne v. City of North Canton*, 5th Dist. Stark, 2019-Ohio-1744, 135 N.E.3d 1155, ¶ 10.

## Ohio's Statute of Repose

{¶18} Among the procedural, common law, and statutory gatekeepers of civil actions, statutes of limitations and statutes of repose exist to limit the "time for which a putative wrongdoer must be prepared to defend a claim." *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 11. Statutes of repose and statutes of limitation have distinct applications. *Id.* A statute of limitations establishes "a time limit for suing in a civil case, based on the date when the claim accrued (as when the injury occurred or was discovered)." *Id.*, quoting *Black's Law Dictionary* 1636 (10th Ed. 2014). The statute of limitations targets the plaintiff, emphasizing the plaintiff's duty to diligently prosecute known claims. *Wilson v. Durrani*, -- Ohio St.3d --, 2020-Ohio-6827, -- N.E.3d --, ¶ 10 citing *CTS Corp v. Waldburger*, 573 U.S. 1, 8, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014). R.C. 2305.113(A) states that an action upon a medical claim shall be commenced one year after the cause of action accrues. The one-year statute of limitations begins to run after the patient discovers, or should have discovered, the resulting injury, or when the physician-patient relationship for the condition terminates, whichever occurs later. R.C. 2305.113(A); *Frysinger v. Leech*, 32 Ohio St.3d 38, 512 N.E.2d 337 (1987), paragraph one of the syllabus.

{¶19} A statute of repose bars "any suit that is brought after a specified time since the defendant acted * * * even if this period ends before the plaintiff has suffered a resulting injury." *Wilson*, 2020-Ohio-6827, ¶ 9. "The statute of repose bars the claim – the

right of action – itself." *Wilson,* 2020-Ohio-6827, ¶ 9 citing *Treese v. Delaware*, 95 Ohio App.3d 536, 545, 642 N.E.2d 1147 (10th Dist.1994). The statute of repose emphasizes the defendant's entitlement to be free from liability after a legislatively determined time. *Wilson* at ¶ 10 citing *CTS Corp v. Waldburger*, 573 U.S. 1, 9, 134 S.Ct. 2175, 189 L.Ed.2d 62 (2014).

{¶20} R.C. 2305.113(C) sets out Ohio's statute of repose for medical claims:

(C) Except as to persons within the age of minority or of unsound mind as provided by section 2305.16 of the Revised Code, and except as provided in division (D) of this section, both of the following apply:

(1) No action upon a medical, dental, optometric, or chiropractic claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

(2) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, any action upon that claim is barred.

{¶21} In addressing the rational basis for Ohio's medical claim statute of repose, the Ohio Supreme Court has stated that "the General Assembly has the right to determine what causes of action the law will recognize and to alter the common law by abolishing the action, by defining the action, or by placing a time limit after which an injury is no longer a legal injury." *Taylor-Jones*, 2021-Ohio-738 at ¶ 18 quoting *Ruther* at ¶ 14. The Court in *Ruther v. Kaiser* further explained:

Many policy reasons support this legislation. Just as a plaintiff is entitled to a meaningful time and opportunity to pursue a claim, a defendant is entitled to a reasonable time after which he or she can be assured that a defense will not have to be mounted for actions occurring years before. The statute of repose exists to give medical providers certainty with respect to the time within which a claim can be brought and a time after which they may be free from the fear of litigation.

Forcing medical providers to defend against medical claims that occurred 10, 20, or 50 years before presents a host of litigation concerns, including the risk that evidence is unavailable through the death or unknown whereabouts of witnesses, the possibility that pertinent documents were not retained, the likelihood that evidence would be untrustworthy due to faded memories, the potential that technology may have changed to create a different and more stringent standard of care not applicable to the earlier time, the risk that the medical providers' financial circumstances may have changed - i.e., that practitioners have retired and no longer carry liability insurance, the possibility that a practitioner's insurer has become insolvent, and the risk that the institutional medical provider may have closed.

Responding to these concerns, the General Assembly made a policy decision to grant Ohio medical providers the right to be free from litigation based on alleged acts of medical negligence occurring outside a specified time period. This decision is embodied in Ohio's four-year statute of repose for medical negligence, set forth in R.C. 2305.113(C). The statute

establishes a period beyond which medical claims may not be brought even if the injury giving rise to the claim does not accrue because it is undiscovered until after the period has ended.

*Taylor-Jones*, 2021-Ohio-738 at ¶ 18 quoting *Ruther, supra* at ¶ 19-21.

**Wrongful Death Action**

{¶22} The issue in this case is whether Ohio's medical claim statute of repose applies to bar the Estate's wrongful death action, filed while the medical malpractice action was properly pending before the trial court. The Estate does not dispute that the wrongful death action asserted on May 1, 2020 is a medical claim based on an alleged act or omission that occurred on or about December 15, 2012. We first review the properties of a civil action for wrongful death.

{¶23} Upon the death of Plaintiff Bradley James Mercer, the Estate amended the complaint from claims of medical negligence and loss of consortium to claims of survival, loss of consortium, and wrongful death. We note that it is well settled that an amended pleading supersedes the original pleading. *Morris v. Morris*, 10th Dist. No. 10AP-15, 189 Ohio App.3d 608, 2010-Ohio-4750, 939 N.E.2d 928, 2010 WL 3835797, ¶ 32 citing *Abram & Tracy, Inc. v. Smith* (1993), 88 Ohio App.3d 253, 263, 623 N.E.2d 704; *Carlock v. Coleman* (Aug. 22, 1990), 7th Dist. No. 89 C.A. 121, 1990 WL 121874, quoting 75 Ohio Jurisprudence Pleading, 343, Section 469 (" 'it is hornbook law that an amended pleading supersedes the original, the latter being [treated] thereafter as nonexistent' ").

{¶24} Claims of wrongful death are governed by Ohio Revised Code Chapter 2125. A wrongful death claim is statutory in nature and does not exist at common law.

*Mansour v. Woo*, 11th Dist. Ashtabula No. 2011-A-0038, 2012-Ohio-1883, 2012 WL 1493862, ¶ 34. R.C. 2125.01 states:

> When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, or the administrator or executor of the estate of such person, as such administrator or executor, shall be liable to an action for damages, notwithstanding the death of the person injured * * *.

The "* * * civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent." R.C. 2125.02(A).

{¶25} It is well-settled that a claim for wrongful death is an independent claim for relief, independent of that held by a decedent immediately prior to death. *Mansour v. Woo*, 2012-Ohio-1883, ¶ 35, citing *Karr v. Sixt*, 146 Ohio St. 527, 67 N.E.2d 331 (1946). "The two actions are not in the same right, and hence a recovery and satisfaction in one case is not a bar to recovery in the other." *Id.* quoting *Mahoning Valley Ry. Co. v. Van Alstine*, 77 Ohio St. 395, 83 N.E. 601 (1908), paragraph three of the syllabus.

{¶26} In *Thompson v. Wing*, 70 Ohio St.3d 176, 637 N.E.2d 917 (1994), the Supreme Court of Ohio further refined the concept that the wrongful death action is an independent cause of action. It stated:

[b]ecause a wrongful death action is an independent cause of action, the right to bring the action cannot depend on the existence of a separate cause of action held by the injured person immediately before his or her death. To conclude otherwise would convert the wrongful death action from an independent cause of action to a derivative action, one dependent on a separate cause of action. Moreover, the wrongful death action does not even arise until the death of the injured person. It follows, therefore, that the injured person cannot defeat the beneficiaries' right to have a wrongful death action brought on their behalf because the action has not yet arisen during the injured person's lifetime. Injured persons may release their own claims; they cannot, however, release claims that are not yet in existence and that accrue in favor of persons other than themselves.

*Id.* at 183, 637 N.E.2d 917. See also R.C. 2125.02(A)(3)(a).

{¶27} The Estate's wrongful death action, while based on the same alleged act or omission as the medical malpractice action, is an independent cause of action. This rule of law will be relevant as we next examine the impact of Ohio's medical claim statute of repose on the Estate's wrongful death action.

### *Wilson v. Durrani* and the Statute of Repose

{¶28} The Estate contends the trial court erred in dismissing the wrongful death action as being filed outside the statute of repose. Amending the complaint to add the wrongful death action while litigation of the underlying medical malpractice claim, the Estate argues, comports with the legislative intent underlying R.C. 2305.113(C) and the constitutional guarantee to open court and the right to a remedy. While this appeal was

being briefed, the Ohio Supreme Court was considering the Ohio's medical claim statute of repose and issued its decision on December 23, 2020 in *Wilson v. Durrani*, -- Ohio St.3d --, 2020-Ohio-6827, -- N.E.3d --. We review *Wilson* to instruct our decision in the present case.

{¶29} The question in *Wilson* was whether a plaintiff may take advantage of Ohio's saving statute to refile a medical claim after the applicable one-year statute of limitations has expired if the four-year statute of repose for medical claims has also expired. *Id.* at ¶ 1. The alleged acts or omissions giving rise to the *Wilson* plaintiffs' claims for medical negligence occurred in 2010 and 2011. The plaintiffs initially filed their complaints for medical negligence in 2013, voluntarily dismissed their complaints without prejudice in late 2015, and refiled their complaints for medical negligence in December 2015. *Id.* at ¶ 2-3. The defendants moved for judgment on the pleadings, arguing Ohio's medical claim statute of repose barred the refiled claims because they arose out of a medical claim that occurred more than four years before the plaintiffs refiled their complaints. *Id.* at ¶ 4.

{¶30} The Court first explained the difference between the statute of limitations, statute of repose, and saving statute. As opposed to the statutes of limitations and statutes of repose, both of which limit the time in which a plaintiff may file an action, a saving statute extends that time. *Id.* at ¶ 11. The saving statute provides the plaintiff a limited period to refile a dismissed claim by commencing a new action that would otherwise be banned by the statute of limitations. *Id.* at ¶ 18 citing *Internatl. Periodical Distrib. v. Bizmart, Inc.*, 95 Ohio St.3d 452, 2002-Ohio-2488, 768 N.E.2d 1167, ¶ 7. R.C. 2305.19(A) states:

In any action that is commenced or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of * * * the plaintiff's failure otherwise upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶31} The Court next examined the procedural effect of the plaintiffs' voluntary dismissal of their medical negligence complaints without prejudice:

A dismissal without prejudice "gives to the complaining party the right to state a new case, if he can. But it takes away no right of defense to such suit save that which might be based on the bar of the first action." *De Ville Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959). "A dismissal without prejudice leaves the parties as if no action had been brought at all." *Id.* When a complaint has been dismissed without prejudice, the action "is deemed to never have existed." *Antoon*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 24, citing *De Ville Photography, Inc.* at 272, 159 N.E.2d 443.

*Wilson*, 2020-Ohio-6827, ¶ 20.

{¶32} In *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, the Court examined what occurs when a medical malpractice action, filed within the statute of repose, is voluntarily dismissed without prejudice. The *Antoon* Court "rejected an argument that the initial filing of a medical claim commences suit and indefinitely suspends the running of the statute of repose, regardless of a subsequent dismissal without prejudice. *Id.* at ¶ 24." *Wilson* at ¶ 21. For purposes of the statute of

repose, the Court held the medical malpractice action commenced when the plaintiff refiled their action, which in *Antoon* was after the four-year statute of repose. *Id.* at ¶ 21. The Court rejected the argument of the *Wilson* plaintiffs that by refiling their actions within one year of the voluntary dismissal, the refiled actions related back to the dates of the original actions. In accordance with *Antoon*, the saving statute anticipates the commencement of a new action, not the reactivation of prior action or a new action relating back to the filing date of the prior action. *Wilson* at ¶ 28. For the *Wilson* plaintiffs, the Court found that unless the saving statute operated as an exception to the statute of repose, the plaintiffs' new medical malpractice actions were time-barred.

{¶33} There are two express exceptions to the medical claim statute of repose. First, the statute of repose is tolled "as to persons within the age of minority or of unsound mind as provided in" in R.C. 2305.16. *Wilson* at ¶ 29. Second, R.C. 2305.113(D) extends the statute of repose for two specific categories of claims: (1) those that accrue in the last year of the repose period and (2) those based upon a foreign object left in a patient's body. *Wilson* at ¶ 29 citing R.C. 2305.113(D)(1) and (2).

{¶34} The *Wilson* Court compared the medical claim statute of repose to the R.C. 2305.10(C), which imposes a ten-year statute of repose to product-liability claims and expressly includes the saving statute. *Id.* at ¶ 30. When the General Assembly enacted R.C. 2305.10(C), it also enacted statutes of repose for premises-liability and construction-defect claims. Those statutes did not include the saving statute as an express exception to the application of the statute of repose. *Id.* at ¶ 30. It was clear to the Court that the General Assembly knew how to make an exception to the statute of repose when it intended to do so, and as to the medical claim statute of repose, it chose not to make the

exception. *Id.* at ¶ 30. Its conclusion the General Assembly did not intend to include the saving statute as an exception was further supported because:

> R.C. 2305.113(C) now expressly provides for tolling of the statute of repose under R.C. 2305.16 when a claimant is a minor or of unsound mind, while not providing for application of any other statutory provisions that would toll or extend statutory time periods. Because the statute of repose now expressly incorporates only one statutory exception, other statutes that extend the time in which to bring an action must necessarily be excluded.

*Id.* at ¶ 33.

{¶35} The *Wilson* Court concluded R.C. 2305.113(C) was a true statute of repose that, except as expressly stated in R.C. 2305.113(C) and (D), clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim. *Id.* at ¶ 38.

> R.C. 2305.113(C) "means what it says. If a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action upon that claim is barred." *Antoon [v. Cleveland Clinic Found.*], 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, at ¶ 23.

*Wilson v. Durrani*, 2020-Ohio-6827, ¶ 25.

### The Impact of *Wilson v. Durrani*

{¶36} How does the decision in *Wilson* impact the Estate's contention the trial court erred in dismissing its wrongful death action as being barred by the statute of repose? *Wilson* answers the question in simple terms – the statute of repose means what

it says. If a plaintiff files a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim, the claim is barred by the statute of repose.

{¶37} The Estate contends the medical malpractice claim was timely filed and the wrongful death claim, in practical application of discovery and expert testimony, did not alter the pending litigation. It is the Estate's argument that the wrongful death action relates back to the medical malpractice action because it was based on the same alleged act or omission. Based on *Wilson* and *Antoon*, civil procedure outweighs practical application. We cannot support the Estate's contention that because the wrongful death action relates back to the timely filed medical malpractice claim, the statute of repose is suspended because this argument was rejected by *Antoon*.

{¶38} No party disputes, and we agree, the medical malpractice action was timely filed as to the statute of repose. When the Estate filed the amended complaint, however, the amended complaint superseded the original complaint and raised a new and independent cause of action for wrongful death pursuant to R.C. 2125.01 and 2125.02. We are guided by the Court's finding in *Wilson* that a voluntary dismissal without prejudice leaves the parties as if no action had been brought at all. The initial filing of a medical claim does not indefinitely suspend the running of the statute of repose, even if there was a dismissal without prejudice. We find based on *Wilson* and *Antoon*, while the wrongful death action is based on the same alleged act or omission as raised in the timely filed medical malpractice action, the wrongful death action is a new and independent action subject to the medical claim statute of repose.

> The Supreme Court of Ohio stated that Ohio's medical-claim statute of repose clearly and unambiguously bars "*any* action" bringing a medical claim commenced more than four years after the occurrence of the act or omission constituting the basis for the claim. (Emphasis sic.) [*Antoon*] at ¶ 23. Because any action bringing a medical claim is barred by Ohio's medical-claim statute of repose if it is not timely commenced, we conclude that wrongful-death actions fall within the scope of "*any* action" and are subject to the time restraints of the statute of repose.

*Smith v. Wyandot Mem. Hosp.*, 3rd Dist. No. 16-17-07, 2018-Ohio-2441, 114 N.E.3d 1224, 2018 WL 3116537, ¶ 22.

{¶39} The Estate argues there are exceptions within the medical claim statute of repose that permit actions filed outside of the four-year time period, thereby creating an opportunity for its wrongful death action to be filed outside of the time limit. *Wilson* closes that door.

{¶40} Simply stated, "'a person must file a medical claim no later than four years after the alleged act of malpractice occurs or the claim will be barred.'" *Taylor-Jones v. Kettering Medical Center*, 2021-Ohio-738, -- N.E.3d –, ¶ 17 (2nd Dist.) quoting *York v. Hurchins*, 12th Dist. Butler No. CA2013-09-173, 2014-Ohio-988, ¶ 10 quoting *Ruth v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 2. There is no dispute the alleged act or omission in this case occurred in 2012. The Estate filed the wrongful death action in 2020, well outside the four-year statute of repose. For the foregoing reasons, the wrongful death action is barred. The trial court did not err when it granted the motion for partial summary judgment and motion for judgment on the pleadings.

{¶41} We acknowledge the result of this appeal is harsh and perhaps unintended by the General Assembly when it crafted the medical claim statute of repose, especially considering the advances in medical care allowing people to live longer with a diagnosis of cancer or other life-threatening malady. As the Ohio Supreme Court acknowledged in *Wilson*, however, allowing an extension to file a wrongful death action may not impair the underlying purpose of the statute of repose, but that is a call for the legislature, not this Court. *Wilson*, 2020-Ohio-6827, ¶ 37.

{¶42} The Estate's Assignment of Error is overruled.

## CONCLUSION

{¶43} The judgment of the Coshocton County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and

Wise, John, J., concur.