[Cite as *Ewing v. UC Health*, 2022-Ohio-2560.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| TONI EWING, Individually and as Executrix of the Estate of Shirley Ewing, and as Personal Representative of her Next of Kin and Beneficiares, | : | APPEAL NO. C-210390 |
| | | TRIAL NO. A-1801959 |
| | : | |
| Plaintiff-Appellant, | : | *O P I N I O N.* |
| vs. | : | |
| UC HEALTH, | : | |
| and | : | |
| UNIVERSITY OF CINCINNATI MEDICAL CENTER, LLC, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| JOHN AND/OR JANE DOE #1, et al., | : | |
| Defendants. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part and Reversed in Part, and Cause
                        Remanded

Date of Judgment Entry on Appeal:  July 27, 2022


*Marlene Penny Manes*, for Plaintiff-Appellant,

*Frost Brown Todd, LLC, Bill J. Paliobeis* and *Douglas R. Dennis*, for Defendants-
Appellees.

**ZAYAS, Presiding Judge.**

{¶1} Plaintiff-appellant Toni Ewing ("Ewing"), individually and as executrix of the estate of Shirley Ewing and as personal representative of her next of kin and beneficiaries, appeals the judgment of the Hamilton County Court of Common Pleas, which granted the motion for judgment on the pleadings of defendants-appellees UC Health and University of Cincinnati Medical Center, LLC, (collectively "defendants"). For the following reasons, we affirm the judgment of the trial court in part and reverse the judgment of the trial court in part and remand the cause for further proceedings consistent with this opinion and the law.

## Factual and Procedural History

{¶2} On April 16, 2018, Ewing, the adult daughter of Shirley Ewing, filed a complaint against defendants, among others, alleging three causes of action: a survivorship claim, a wrongful-death claim, and an "emotional harm" claim. The complaint asserted that the action was filed within 180 days of the written notice given to defendants pursuant to R.C. 2305.113, and asserted that the action was voluntarily dismissed in the case numbered A-1504406 on April 17, 2017, and was being refiled in the current action within one year of such dismissal. The claims were based on events alleged to have occurred during Shirley Ewing's inpatient stay at the University of Cincinnati Medical Center from February 18, 2014, to March 22, 2014. The complaint alleged:

> there were deviations from accepted standards of care which resulted in harm and compensable damages to Shirley Ewing, in amounts later to be determined, including but not limited to a fracture of her leg, failure to timely recognize said fracture, surgery, placement of a rod and pins, additional pain, suffering, mental anguish, emotional

2

distress, additional expenses, * * * and shortening of life expectancy * * *.

{¶3} The complaint further asserted that Shirley passed away on March 25, 2014, and contended that her death was accelerated and wrongful as a result of such deviations in care. The "emotional harm" claim was brought by Ewing in her individual capacity and alleged that Ewing suffered "emotional harm" as the result of being the one who discovered her mother's broken leg and "other damages" during the hospitalization.

{¶4} Defendants filed a motion for judgment on the pleadings on May 8, 2019, arguing that Ewing's complaint was barred by the medical-claim statute of repose set forth in R.C. 2305.113(C). Defendants also subsequently asserted that the wrongful-death and emotional-harm claims failed as a matter of law. After responsive briefing between the parties and delays from awaiting the Ohio Supreme Court's decision in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, the trial court granted the defendants' motion for judgment on the pleadings on June 22, 2021, and dismissed Ewing's complaint in its entirety. In doing so, the trial court found that both the survivorship claim and the wrongful-death claim were "medical claims" under R.C. 2305.113(E) and were thus barred by the medical-claim statute of repose as the complaint was not filed until April of 2018. Additionally, the trial court found that the "emotional harm" claim, interpreted to be a claim for negligent infliction of emotional distress, failed as a matter of law.

{¶5} Ewing timely filed a notice of appeal on July 20, 2021. She now raises a single assignment of error for our review, arguing that the trial court erred in granting defendants' motion for judgment on the pleadings and dismissing all her claims.

**Law and Analysis**

3

*Standard of Review*

**{¶6}** "Appellate review of a judgment on the pleadings involves only questions of law and is therefore de novo." *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8, citing *Rayess v. Educational Comm. for Foreign Med. Graduates*, 134 Ohio St.3d 509, 2012-Ohio-5676, 983 N.E.2d 1267, ¶ 18. "Dismissal is appropriate under Civ.R. 12(C) when a court construes as true all material allegations in the complaint, along with all reasonable inferences to be drawn therefrom, and finds, beyond doubt, that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*, citing *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 937 (1996). "Similarly, questions of statutory construction constitute legal issues that we decide de novo." *Id.*, citing *New York Frozen Foods, Inc. v. Bedford Hts. Income Tax Bd. of Rev.*, 150 Ohio St.3d 386, 2016-Ohio-7582, 82 N.E.3d 1105, ¶ 8.

*"Emotional Harm" Claim*

**{¶7}** "[A] cause of action for the negligent infliction of serious emotional distress may be stated where the plaintiff-bystander reasonably appreciated the peril which took place, whether or not the victim suffered actual physical harm, and, * * * as a result of this cognizance or fear of peril, the plaintiff suffered serious emotional distress." *Paugh v. Hanks*, 6 Ohio St.3d 72, 451 N.E.2d 759 (1983), paragraph four of the syllabus. The element of "seriousness" is a necessary component required for a plaintiff-bystander to sufficiently state a claim for relief when the plaintiff did not suffer a contemporaneous physical injury. *Id.* at 78; *see Binns v. Fredendall*, 32 Ohio St.3d 244, 513 N.E.2d 278 (1987). "Serious" emotional distress must be "beyond trifling mental disturbance" or "mere upset or hurt feelings." *Paugh* at 78. It must be

4

"emotional injury which is both severe and debilitating." *Id.* "Thus, serious emotional distress may be found where a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Id.* "A court may decide whether a plaintiff-bystander has stated a cause of action by ruling on whether the emotional distress alleged is serious as a matter of law." *Id.*

**{¶8}** Here, Ewing's claim merely alleges "emotional harm." Emotional harm is insufficient to establish severe and debilitating emotional distress. Thus, the allegations in the complaint fail as a matter of law to assert the level of harm required to sustain a cause of action for negligent infliction of serious emotional distress. Therefore, the trial court properly granted judgment in favor of defendants and dismissed this claim. Accordingly, we overrule this part of the assignment of error as to this cause of action.

*Survivorship Claim*

**{¶9}** Ewing does not contest that her survivorship claim is a "medical claim" under R.C. 2305.113(E). Instead, she argues that the trial court erred by "retroactively" applying R.C. 2305.113(C), the medical-claim statute of repose, to refiled cases and failing to recognize that savings statutes convey vested rights to plaintiffs to refile their claims, which cannot constitutionally be extinguished by such retroactive application.

**{¶10}** Section I, Article 16 of the Ohio Constitution provides, "All courts shall be open, and every person, for any injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay." Ohio Constitution, Article I, Section 16. "A plain reading of Article 1, Section 16 reveals that it does not provide for remedies without limitation or

5

for any perceived injury." *Ruther v. Kaiser*, 134 Ohio St.3d 408, 2012-Ohio-5686, 983 N.E.2d 291, ¶ 12. "Rather, the right-to-remedy clause provides that the court shall be open for those to seek remedy 'by *due course of law*.'" (Emphasis sic.) *Id.* "Article 1, Section 16 does not prevent the General Assembly from defining a cause of action." *Id.*

{¶11} Thus, the Ohio Supreme Court has determined that "a party need not be granted an unlimited amount of time to bring a vested cause of action, but must receive only a 'reasonable' amount of time in order for a law to pass constitutional muster." (Citations omitted.) *Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 27. Further, the Ohio Supreme Court held that the statute of repose, "in compliance with the right-to-remedy clause, does not 'completely foreclose a cause of action for injured plaintiffs or otherwise eliminate their ability to receive a meaningful remedy.'" *Id.* at ¶ 29, quoting *Flagstar Bank, F.S.B. v. Airline Union's Mtge. Co.*, 128 Ohio St.3d 529, 2011-Ohio-1961, 947 N.E.2d 672, ¶ 29. Accordingly, it held that the medical-claim statute of repose is constitutional "both when it extinguishes a vested and a nonvested cause of action." *Id.* Thus, the statute of repose is a "true statute of repose that applies to both vested and nonvested claims." *Id.* at ¶ 35; *see Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 16. Therefore, even if Ewing had a vested right under the saving statute as she asserts, it was not unconstitutional for her claim to be extinguished by the statute of repose as she was provided with a reasonable amount of time within which to bring her claim.

{¶12} Because R.C. 2305.113—which relocated the medical-claim statute of repose from R.C. 2305.11(B)—was enacted in 2002, well before the hospitalization in question and well before Ewing brought her claims, we interpret Ewing's retroactive application argument to be that the Ohio Supreme Court's decision in *Wilson* should not be applied retroactively. However, it is a well-settled principle in Ohio that " '[i]n

the absence of a specific provision in a decision declaring its application to be prospective only, the decision shall be applied retroactively as well.' " *Martin v. Taylor*, 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614, ¶ 42, citing *State ex rel. Bosch v. Indus. Comm. of Ohio*, 1 Ohio St.3d 94, 98, 438 N.E.2d 415 (1982). The Ohio Supreme Court did not announce prospective-only application in *Wilson*. *Id.*; *see Wilson*. In fact, "it specifically denied a request for prospective-only application when it ruled on the motion for reconsideration of [*Wilson*]." *Id.*, citing *Wilson v. Durrani*, 161 Ohio St.3d 1453, 2021-Ohio-534, 163 N.E.3d 580 (granting motion for reconsideration in part and denying request that decision be applied prospectively only). Therefore, we find no error in the trial court's application of the statute of repose to bar this claim. Accordingly, we overrule this part of the assignment of error as to this cause of action.

*Wrongful-Death Claim*

**{¶13}** "[W]hen a person is injured by the tortious conduct of another and the person later dies from the injury, two claims arise." *Thompson v. Wing*, 70 Ohio St.3d 176, 183, 637 N.E.2d 917 (1994). "The first is a claim for malpractice or personal injury, enforced either by the injured person herself or her representative in a survival action." *Id.* "The second is a wrongful death [sic] claim, enforced by the decedent's personal representative on behalf of the decedent's beneficiaries." *Id.* Although prosecuted by the same personal representative, the two actions are not derivative of the same right and are instead two separate and independent causes of action. *Id.* at 182-183; *Klema v. St. Elizabeth's Hosp.*, 170 Ohio St. 519, 521, 166 N.E.2d 765 (1960); *Koler v. St. Joseph Hosp.*, 69 Ohio St.2d 477, 479, 432 N.E.2d 821 (1982). The cause of action held by the injured party is " 'confined to his [or her] personal loss and suffering before he [or she] died.' " *Klema* at 521, quoting *St. Louis, Iron Mountain & S. Ry. Co. v.*

*Craft*, 237 U.S. 648, 658, 35 S.Ct. 704, 59 L.Ed. 1160 (1915).  Whereas the cause of action held by decedent's beneficiaries is " 'confined to their pecuniary loss through his [or her] death.' "  *Id.*  " '**One begins where the other ends**, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong.' " (Emphasis added.)  *Id.*  Because each action is separate and independent from the other, the right to bring a wrongful-death action is not dependent on the existence of a separate cause of action held by the injured person prior to his or her death.  *Thompson* at 183; *Klema* at 521. A wrongful-death action requires only that the decedent "at one time" had a cause of action against the defendant.  *Id.*

{¶14}  A wrongful-death action is a special statutory action which did not exist at common law.  *Klema* at 524.  R.C. 2125.01 establishes a wrongful-death claim in Ohio.  *Peters v. Columbus Steel Castings Co.*, 115 Ohio St.3d 134, 2007-Ohio-4787, 873 N.E.2d 1258, ¶ 9.  It provides, "When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued * * * shall be liable in an action for damages."  R.C. 2125.01.  Pursuant to R.C. 2125.02(D):

(1) **Except as provided in division (D)(2) of this section**, a civil action for wrongful death shall be commenced within two years after the decedent's death.

(2)

(a) Except as provided in divisions (D)(2)(b), (c), (d), (e), (f), and (g) of this section or in section 2125.04 of the Revised Code, no

8

cause of action for wrongful death involving a product liability claim shall accrue against the manufacturer or supplier of a product later than ten years from the date that the product was delivered to its first purchaser or first lessee who was not engaged in a business in which the product was used as a component in the production, construction, creation, assembly, or rebuilding of another product.

(Emphasis added.)

{¶15} Divisions (D)(2)(b), (c), (d), (e), (f), and (g) provide exceptions to the products-liability statute of repose set forth in R.C. 2125.02(D)(2)(a), and R.C. 2125.04 provides a saving statute for wrongful-death actions, which allows the actions to be refiled when certain situations occur. Thus, R.C. 2305.02(D) expressly provides only one exception to the commencement period provided in R.C. 2305.02(D)(1) for wrongful-death claims and that exception is only applicable to wrongful-death claims related to products liability.

{¶16} Here, the trial court found that Ewing's wrongful-death claim was additionally subject to the medical-claim statute of repose contained in R.C. 2305.113(C). Ewing argues that this was in error as her wrongful-death claim was not subject to the medical-claim statute of repose.

{¶17} R.C. 2305.113 establishes, among other things, the periods of limitation for a "medical claim," which is defined as:

[A]ny claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a licensed practical nurse, registered nurse, advanced

9

practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person.

R.C. 2305.113(E)(3). R.C. 2305.113(A) provides a one-year statute of limitation for medical claims and R.C. 2305.113(C) provides a four-year statute of repose for medical claims.

{¶18} While the Ohio Supreme has made it clear that wrongful-death claims are separate and distinct causes of action from medical-malpractice claims—meaning that one is not interdependent upon the other to survive, and a wrongful-death claim begins where a medical-malpractice claim ends—this is not determinative of whether the wrongful-death claim is subject to the statute of repose under R.C. 2305.113(C). *See generally Lombard v. Good Samaritan Med. Ctr.*, 69 Ohio St.2d 471, 474, 433 N.E.2d 162 (1982) (recognizing that the common-law definition of malpractice is distinguishable from the definition of a medical claim);[1] *Couch v. Durrani*, 1st Dist. Hamilton Nos. C-190703, 190704, C-190705, C-190706 and C-190707, 2021-Ohio-726, ¶ 9-19, *appeal not accepted*, 164 Ohio St.3d 1420, 2021-Ohio-2923, 172 N.E.3d 1048 (recognizing that a cause of action independent from that of medical malpractice may still constitute a medical claim).

{¶19} We begin by looking to the statutory language and its plain meaning. *See, e.g., In re P.R.*, 1st Dist. Hamilton Nos. C-180166 and C-180167, 2019-Ohio-4751, ¶ 9, citing *In re J.F.*, 2017-Ohio-7675, 97 N.E.3d 999, ¶ 18 (1st Dist.). In doing so, we

---

[1] We note that this case was decided based upon the former definition of a medical claim under R.C. 2305.11. The definition of a medical claim has since been expanded and relocated to R.C. 2305.113(E).

should not look solely to the plain language of R.C. 2305.113 as we cannot ignore R.C. Chapter 2125, which governs wrongful-death claims. In determining that the medical-claim statute of repose applied, the trial court relied on its determination that this wrongful-death claim was also a medical claim. We hold that whether this wrongful-death claim meets the definition of a medical claim under R.C. 2305.113(E) is not dispositive of the issue before us. The question presented by this appeal is one concerning the interplay between the two statutes when a wrongful-death claim is related to the medical diagnosis, care, or treatment of the decedent. In other words, we are asked to decide whether, despite the clear and unambiguous language of R.C. 2125.02(D)(1), the medical-claim statute of repose in R.C. 2305.113(C) further limits the time for commencing a wrongful-death claim where such claim arises from the diagnosis, care, or treatment of the decedent.

{¶20} This issue is one that has recently been addressed in several other districts and has created a conflict among those districts. The Tenth and Sixth Districts have both recently held that a wrongful-death claim related to the medical diagnosis, care, or treatment of a decedent was not subject to the medical-claim statute of repose contained in R.C. 2305.113(C). *See Everhart v. Coshocton Cty. Mem. Hosp.*, 10th Dist. Franklin No. 21AP-74, 2022-Ohio-629, ¶ 21, 51, *appeal accepted*, ____ Ohio St.3d ____, 2022-Ohio-2162, ____ N.E.3d ____; *Davis v. Mercy St. Vincent Med. Ctr.*, 6th Dist. Lucas No. L-21-1095, 2022-Ohio-1266, ¶ 63; *see also Daniel v. United States*, 977 F. Supp.2d 777 (N.D.Ohio 2013). In doing so, both courts focused on the statutory language of R.C. 2125.02(D). *See Everhart* at ¶ 20-21; *Davis* at ¶ 58-59.

{¶21} Conversely, the Third, Fifth, and Eleventh Districts have held that a wrongful-death claim related to the medical care, diagnosis or treatment of the decedent was subject to the medical-claim statute of repose. *See Smith v. Wyandot*

*Mem. Hosp.*, 2018-Ohio-2441, 114 N.E.3d 1224, ¶ 22 (3d Dist.), *appeal not accepted*, 153 Ohio St.3d 1505, 2018-Ohio-4285, 109 N.E.3d 1260; *Mercer v. Keane*, 2021-Ohio-1576, 172 N.E.3d 1101, ¶ 40 (5th Dist.), *appeal not accepted*, 164 Ohio St.3d 1420, 2021-Ohio-2923, 172 N.E.3d 1047; *Martin*, 11th Dist. Lake No. 2021-L-046, 2021-Ohio-4614, at ¶ 46, citing *Wilson v. Mercy Health*, 11th Dist. Trumbull No. 2021-T-0004, 2021-Ohio-2470, ¶ 23-24.

**{¶22}** *Mercer*, however, did not directly address the issue currently before this court. In *Mercer*, the medical-malpractice action was initially filed in 2016 before the decedent's death. *Id.* at ¶ 2, 4. The executor of the decedent's estate then filed an amended complaint in 2020 after the decedent passed away, which was beyond the repose period. *Id.* at ¶ 4-7. The only issue presented to the court was whether the wrongful-death action related back to the malpractice action, thereby making the action timely filed under the statute of repose. *Id.* at ¶ 36-38. Thus, there was no argument presented to the court that the wrongful-death claim was not subject to the medical-claim statute of repose and the court did not directly consider the issue.

**{¶23}** On the other hand, *Smith* and *Martin* both directly held that wrongful-death claims arising from the medical diagnosis, care, or treatment of a decedent were subject to the medical-claim statute of repose. *Smith* at ¶ 22; *Martin* at ¶ 46. Both courts acknowledged that wrongful-death claims were subject to their own statute of limitations outside of R.C. 2305.113(A) but still found that the claims were subject to the medical-claim statute of repose based on the language of R.C. 2305.113. *Smith* at ¶ 25; *Martin* at ¶46. In doing so, each court's focus was the fact that the claims met the definition of a medical claim. *Smith* at ¶ 22, 28-30; *Martin* at ¶ 45-46.

**{¶24}** We recognize that, when looking to the plain language of R.C. 2305.113(E)(3) and the broad definition of medical claim, a wrongful-death claim

which is related to the medical diagnosis, care or treatment of the decedent seems to fit into the definition of a medical claim, depending on the underlying allegations. Notably, the definition of a medical claim is not limited to only those claims brought by the person receiving treatment. *See* R.C. 2305.113(E)(3). A medical claim is *any* claim against any of the listed persons that arises out of the medical diagnosis, care, or treatment of *any* person. *Id.* The Ohio Supreme Court has found this language to be plain and unambiguous and advised that we must give full meaning to all the express statutory language. *Estate of Stevic v. Bio-Med. Application of Ohio, Inc.*, 121 Ohio St.3d 488, 2009-Ohio-1525, 905 N.E.2d 635, ¶ 16, 18.

{¶25} In fact, we note the 2018 enactment of R.C. 2323.451, which implies that a wrongful-death claim could constitute a medical claim for the purpose of requiring an affidavit of merit. R.C. 2323.451 discusses the requirement of Civ.R. 10(D) that an affidavit of merit be filed with any complaint that asserts a medical claim and provides an extension of time for plaintiffs to add new medical claims or new defendants after the complaint is filed and after discovery is conducted if certain conditions are met. *See* R.C. 2323.451. The provision relevant to our purposes here, R.C. 2323.451(E), provides:

> Subject to division (F) of this section, after expiration of the one-hundred-eighty-day period described in division (D)(2) of this section, the plaintiff shall not join any additional medical claim or defendant to the action **unless the medical claim is for wrongful death**, **and the period of limitation for the claim under R.C. 2125.02 of the Revised Code has not expired.**

(Emphasis added.)

{¶26} We also note that R.C. 2323.43, the statute which relates solely to medical claims and provides damage limitations for medical claims, specifically provides an exemption from those limitations for wrongful-death actions. *See* R.C. 2323.43(G)(3). Both statutes seem to indicate that a wrongful-death claim could meet the definition of a "medical claim." However, as already noted above, we cannot look solely to the language of R.C. 2305.113 when deciding the issue before us due to the nature of this claim.

{¶27} The Ohio Supreme Court has already held that where the medical-malpractice claim ends, the wrongful-death claim begins. *Klema*, 170 Ohio St. at 521, 166 N.E.2d 765, quoting *Craft*, 237 U.S. at 658, 35 S.Ct. 704, 59 L.Ed. 1160. We agree because, regardless of any underlying malpractice, there is no cause of action for wrongful death until the death of the decedent. The trigger for the cause of action is the death of the patient. Thus, in addressing the issue before us, we must begin by looking to the express statutory language of R.C. Chapter 2125, which creates and governs a wrongful-death claim, to see what the legislature has determined regarding the period of limitation for commencing a wrongful-death cause of action. The express language of R.C. 2125.02(D) provides that a cause of action *for* wrongful death *shall* be commenced within two years after the decedent's death, *except as provided in division (D)(2)* of the statute. This action is for wrongful death. The language is clear and unambiguous. Division (D)(2) then provides that, with certain other exceptions listed in the statute, no cause of action for wrongful death involving a product-liability claim shall accrue against a manufacturer or supplier later than ten years from the date the product was delivered. R.C. 2125.02(D)(2). Thus, the General Assembly clearly provided only one exception to the period of limitation set forth in R.C. 2125.02 (D)(1) and that exception is only for wrongful-death claims related to products

liability. The General Assembly provided such an exception even though products-liability claims are generally subject to their own statute of repose in R.C. 2305.10(C)(1). The General Assembly provided no similar exception in R.C. 2125.02(D) for claims related to the medical diagnosis, care, or treatment of the decedent. Therefore, when looking to the plain language of R.C. 2125.02(D), wrongful-death claims would not be subject to an exception for the medical-claim statute of repose.

{¶28} Additionally, if we go beyond the plain meaning of the statutory language, we find that R.C. 2305.131(A)(1) and 2305.101(A), two statutes outside of R.C. 2125.02 that provide additional exceptions to the wrongful-death period of limitation, expressly state that the exceptions exist "notwithstanding" R.C. 2125.02. *See* R.C. 2305.131 (providing that no cause of action to recover damages for bodily injury, injury to real or personal property, or wrongful death which arises out of a defective and unsafe condition of an improvement to real property shall accrue against certain persons later than ten years from the date of substantial completion of the improvement); R.C. 2305.101 (providing that a claimant who has alleged bodily injury or wrongful death caused by the effects of the Dalkon Shield intrauterine device and who has filed a claim in the relevant court in the eastern district of Virginia may bring an action in Ohio against the Dalkon Sheild Claimants Trust within one year of certification by the Virginia court providing that the claimant may proceed to litigation or arbitration, or within six months of the effective date of R.C. 2305.101, whichever is later). No similar language was provided in R.C. 2305.113 which would allow the medical-claim statute of repose to apply notwithstanding R.C. 2125.02.

{¶29} The pertinent "notwithstanding" language from R.C. 2305.131(A)(1) and the pertinent "except as provided" language from R.C. 2125.02(D)(1) was added

15

within the same bill where the General Assembly enacted the statute of repose in R.C. 2305.10(C)(1) for a cause of action based on a products-liability claim and added the express exception to the period of limitation for a wrongful-death claim in R.C. 2125.02(D)(2) for a claim based on products liability. 2004 Am.Sub.S.B. No. 80, 150 Ohio Laws, Part V. Significantly, although the General Assembly also enacted revisions to R.C. 2305.113 within that same bill, no additions were added to either R.C. 2305.113 or 2125.02 to reference the other. *Id.*

{¶30} "The 'General Assembly's use of particular language to modify one part of a statute but not another part demonstrates that the General Assembly knows how to make that modification and has chosen not to make that modification in the latter part of the statute.' " *Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 30, quoting *Hulsmeyer v. Hospice of Southwest Ohio, Inc.*, 142 Ohio St.3d 236, 2014-Ohio-5511, 29 N.E.3d 903, ¶ 26. Additionally, " '[t]he General Assembly, in enacting a statute, is assumed to have been aware of other statutory provisions concerning the subject matter of the enactment even if they are found in separate sections of the Code.' " *Hulsmeyer* at ¶ 26, quoting *Meeks v. Papadopulos*, 62 Ohio St.2d 187, 191-192, 404 N.E.2d 159 (1980). Finally, "if the General Assembly could have used a particular word in a statute but did not, we will not add that word by judicial fiat." *Id.*, citing *In re Application of Columbus S. Power Co.*, 138 Ohio St.3d 448, 2014-Ohio-462, 8 N.E.3d 863, ¶ 26.

{¶31} Because the General Assembly did not provide an exception to the period of limitation in R.C. 2125.02(D)(1) for wrongful-death claims arising from the medical diagnosis, care or treatment of the decedent, these claims would not be subject to the medical-claim statute of repose. Any other interpretation would require us to ignore the plain language of R.C. 2125.02(D). Therefore, we hold that the wrongful-

death claim is governed solely by the period of limitation expressly set forth by the legislature in R.C. 2125.02(D) and is not subject to the medical-claim statute of repose in R.C. 2305.113(C). Accordingly, it was improper for the trial court to dismiss Ewing's wrongful-death claim based on the medical-claim statute of repose. So long as Ewing's claim was brought within the applicable two-year period of limitation found in R.C. 2125.02(D), the saving statute would be applicable to save this claim. This part of the assignment of error is sustained.

## Conclusion

{¶32} For the foregoing reasons, we overrule the assignment of error in part as to the emotional-harm claim and the survivorship claim but sustain the assignment of error in part as to the wrongful-death claim. We remand the cause for further proceedings consistent with this opinion and the law.

Judgment affirmed in part and reversed in part, and cause remanded.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.