[Cite as *Rankin v. Kirsh*, 2023-Ohio-3371.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PRINCE RANKIN, | : | APPEAL NO. C-220632 |
| | | TRIAL NO. A-2004225 |
| and | : | |
| NAJAH ABDEL AZIZ, | : | *O P I N I O N.* |
| Plaintiffs-Appellants, | : | |
| vs. | : | |
| GARY M. KIRSH, M.D., | : | |
| and | : | |
| TRI-STATE UROLOGIC SERVICES, P.S.C., INC., d.b.a. THE UROLOGY GROUP, | : | |
| | : | |
| Defendants-Appellees. | : | |

Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: September 22, 2023

*F. Harrison Green*, for Plaintiffs-Appellants,

*Joshua F. DeBra* and *Adam P. Stickney*, for Defendants-Appellees.

**ZAYAS, Judge.**

{¶1}  Plaintiffs-appellants Prince Rankin and Najah Abdel Aziz ("plaintiffs") appeal from the judgment of the Hamilton County Court of Common Pleas, which granted judgment on the pleadings in favor of defendants-appellees Gary M. Kirsh, M.D., and Tri-State Urologic Services, P.S.C, Inc., d.b.a. The Urology Group ("Tri-State") (collectively "defendants").  In a single assignment of error, plaintiffs argue that the trial court erred in granting the defendants' motion for judgment on the pleadings by erroneously applying the medical-claim statute of repose.  For the following reasons, we overrule the assignment of error and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2}  On December 3, 2020, plaintiffs—husband and wife—filed a complaint against defendants asserting causes of action for professional negligence, negligent infliction of emotional distress, loss of consortium, and vicarious liability.  The complaint asserts that Mr. Rankin was under the care of Dr. Kirsh for several years.  In March 2016, Dr. Kirsh prescribed trimethoprim/sulfamethoxazole, a.k.a. Bactrim, to Mr. Rankin for treatment of a urinary tract infection.  The recommended course of treatment for Bactrim is allegedly seven to 14 days.  Yet, Dr. Kirsh continued to prescribe Bactrim to Mr. Kirsh through December 2016, when the Bactrim treatment was discontinued upon Mr. Rankin presenting to the emergency room and being hospitalized.  When Mr. Rankin arrived at the emergency room, he was in a state of renal failure.

{¶3}  The complaint avers that Mr. Rankin sustained temporary and permanent injury as a result of the care provided by Dr. Kirsh and asserts deficiencies in treatment relating to the failure to properly monitor Mr. Rankin during the

2

treatment with Bactrim and the failure to conduct routine blood tests to determine the effect the Bactrim had on Mr. Rankin. Attached to the complaint is an "Affidavit of Merit" from Keith Hunter, M.D., opining that Dr. Kirsh breached the standard of care in his treatment of Mr. Rankin, causing substantial and lasting injury. Defendants answered the complaint on December 18, 2020, asserting a defense, among others, that the cause of action was barred by the medical-claim statute of repose.

{¶4} On June 24, 2022, defendants moved for judgment on the pleadings, arguing that the complaint was filed outside of the medical-claim statute of repose. Plaintiffs filed a response in opposition to the motion, arguing that the discovery rule and/or the savings statute was applicable to save their claims. Attached to the response was an affidavit from Mr. Rankin which set forth additional facts not in the complaint, such as the date that he awoke from unconsciousness and became aware that he was in the hospital due to a reaction to the Bactrim treatment. Defendants filed a reply in support of their motion, arguing that neither the discovery rule nor the savings statute was applicable to save the plaintiffs' claims.

{¶5} The trial court agreed with defendants and entered an order granting the motion for judgment on the pleadings and dismissing the action on December 5, 2022. The trial court found that Dr. Kirsh's treatment of Mr. Rankin ended on either December 1, 2016—the last date Dr. Kirsh prescribed the Bactrim to Mr. Rankin—or December 2, 2016—the date that Mr. Rankin was admitted to the hospital and the Bactrim treatment was discontinued. The trial court then found that, utilizing either date, the complaint was time-barred by the medical-claim statute of repose as the complaint was filed on December 3, 2020, more than four years after the last date of treatment. Finally, the trial court found that the date Mr. Rankin discovered his injury

was irrelevant to the analysis under the medical-claim statute of repose. Plaintiffs now appeal.

## II. Law and Analysis

### A. Standard of Review

{¶6} This court's review of a judgment on the pleadings is de novo. *Ewing v. U.C. Health*, 2022-Ohio-2560, 193 N.E.3d 1132, ¶ 6 (1st Dist.), quoting *New Riegel Local School Dist. Bd. of Edn. v. Buehrer Group Architecture & Eng., Inc.*, 157 Ohio St.3d 164, 2019-Ohio-2851, 133 N.E.3d 482, ¶ 8. Under Civ.R. 12(C), dismissal is appropriate if this court finds—when construing as true all the material allegations in the complaint and any reasonable inferences drawn therefrom—that the plaintiff can prove no set of facts which would entitle him or her to relief. *Id.*, citing *New Reigel* at ¶ 8.

### B. The Trial Court Properly Granted Judgment on the Pleadings

{¶7} The medical-claim statute of repose prohibits any action upon a medical claim, as defined in R.C. 2305.113(E)(3), from commencing more than four years after the occurrence of the act or omission constituting the alleged basis of the medical claim. R.C. 2305.113(C). Any action on a medical claim not commenced within four years of such act or omission is time-barred. *Id.* Plaintiffs argue that the trial court erred in applying the medical-claim statute of repose to bar their complaint as the medical-claim statute of repose may not bar a claim where the statute of limitations—pursuant to the savings statute—has yet to run. In other words, plaintiffs ask this court to find that the savings statute acts as an exception to the medical-claim statute of repose.

{¶8} This issue was directly addressed and rejected by the Ohio Supreme Court in *Wilson v. Durrani*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448. In

4

*Wilson*, the court held, "Expiration of the statute of repose precludes the commencement, pursuant to the saving statute, of a claim that has previously failed otherwise than on the merits in a prior action." *Wilson* at ¶ 38.

{¶9} Plaintiffs attempt to distinguish *Wilson* by arguing that, here, the action was voluntarily dismissed prior to the expiration of the statute of repose, a distinction which they claim makes the savings statute applicable to save their claims. However, this distinction does not change the result as the present action was still filed beyond the expiration of the statute of repose.

{¶10} The relevant question when determining whether a claim is barred by the medical-claim statute of repose is whether the action was "commenced" within four years of the act or omission constituting the alleged basis for the medical claim. *See Antoon v. Cleveland Clinic Found.*, 148 Ohio St.3d 483, 2016-Ohio-7432, 71 N.E.3d 974, ¶ 23 ("And we find that the plain language of the statute is clear, unambiguous, and means what it says. If a lawsuit bringing a medical * * * claim is not commenced within four years after the occurrence of the act or omission constituting the basis for the claim, then any action on that claim is barred.").

{¶11} In *Antoon*, the Ohio Supreme Court expressly rejected an assertion that "filing then dismissing a claim will indefinitely suspend the statue of repose by 'commencing' the suit on the date of the first filing." *Id.* at ¶ 24. This is because, "[t]he law is clear that once a complaint has been dismissed without prejudice, legally, that action is deemed to never have existed." *Id.*, citing *DeVille Photography, Inc. v. Bowers*, 169 Ohio St. 267, 272, 159 N.E.2d 443 (1959); *accord Wilson*, 164 Ohio St.3d 419, 2020-Ohio-6827, 173 N.E.3d 448, at ¶ 20, quoting *Deville* at 272 (" 'A dismissal without prejudice leaves the parties as if no action had been brought at all.' "). While the *Antoon* court expressly did not decide whether the saving statute, properly

invoked, may allow a cause of action to survive beyond the expiration of the statute of repose, *see Antoon* at ¶ 30, the *Wilson* court stated that the *Antoon* principles would be applicable to bar the claims in *Wilson* unless the savings statute operated as an exception to the statute of repose. *See Wilson* at ¶ 22 ("The only notable, relevant difference between this appeal and *Antoon* is that the plaintiffs here refiled their claims by commencing new actions—purportedly pursuant to the saving statute— within one year of their voluntary dismissals without prejudice. Unless R.C. 2305.19 operates as an exception to the statute of repose, appellees' refiled claims, like the claims in *Antoon*, are time-barred."). As the *Wilson* court ultimately held that the saving statute does not act as an exception to the statute of repose, *see Wilson* at ¶ 23-38, the *Antoon* principles would be equally applicable to a cause of action that is refiled in reliance upon the saving statute.

{¶12} Thus, once a cause of action is voluntarily dismissed, that initial cause of action is irrelevant to the analysis of when a subsequent cause of action—viewed as a completely new cause of action—is commenced—even if the subsequent cause of action is commenced pursuant to the saving statute—as the initial cause of action is viewed as having never existed. *See Antoon* at ¶ 24 ("[I]in this case, no action on the medical-malpractice claim 'commenced' until the second state-court complaint was filed * * *. By that time, more than four years had passed since the act or omission constituting the alleged basis of the medical claim."); *Wilson* at ¶ 28 ("The saving statute anticipates the commencement of a new action, not the reactivation of the prior action, and it says nothing about the new action relating back to the filing date of the prior action."). Accordingly, whether the initial cause of action was dismissed before or after the expiration of the statute of repose makes no difference to the holding in

*Wilson* as the relevant question is solely when the second cause of action was commenced, which is not dependent upon the initial cause of action.

{¶13} The medical-claim statute of repose is a " 'true statute of repose that applies to both vested and nonvested claims.' " *Wilson* at ¶ 16, quoting *Antoon* at ¶ 1. It "clearly and unambiguously precludes the commencement of a medical claim more than four years after the occurrence of the alleged act or omission that forms the basis of the claim." *Id.* at ¶ 38.

{¶14} Here, plaintiffs' claims arise from Dr. Kirsh's treatment of Mr. Rankin with the medication Bactrim and/or the failure to monitor or conduct blood tests on Mr. Rankin during such treatment. The complaint expressly describes Dr. Kirsh as "a physician who provided surgical care and treatment to Prince Rankin from April 6, 2015 to December 1, 2016," and says that the last date that Dr. Kirsh prescribed Bactrim to Mr. Rankin was December 1, 2016. The complaint also provides that Mr. Rankin discontinued taking Bactrim on December 2, 2016. No other dates were asserted in the complaint. Looking to either day, the statute of repose ran before the refiled complaint was filed on December 3, 2020.

{¶15} Even if plaintiffs would have included the date that Mr. Rankin arose from unconsciousness in the hospital or the date that he fully understood why he was in the hospital in the complaint, the result would not change as "R.C. 2305.113(C) starts the statute of repose running on the date the alleged malpractice was committed, not the date of its discovery." *Elliot v. Durrani*, Slip Opinion No. 2022-Ohio-4190, ¶ 10. Therefore, any medical claims against Dr. Kirsh which arise from the act of treating Mr. Rankin with Bactrim, or the omission in monitoring or conducting testing during such treatment, are time-barred by the medical-claim state of repose.

**{¶16}** As plaintiffs have not contested that any of their claims are medical claims, we hold that the trial court did not err in granting judgment on the pleadings in favor of defendants as the complaint is time-barred by the medical-claim statute of repose. Accordingly, we overrule plaintiffs' sole assignment of error and affirm the judgment of the trial court.

### III. Conclusion

**{¶17}** Having overruled the sole assignment of error, we affirm the judgment of the trial court.

Judgment affirmed.

**CROUSE, P.J.**, and **WINKLER, J.,** concur.

Please note:

The court has recorded its own entry this date.